ROTH, Circuit Judge,

Dissenting:

I join in parts I, III, and IV of the majority opinion which holds that Montgomery’s false arrest and false imprisonment claims are time-barred and which affirms summary judgment in favor of the municipal defendants on the § 1983 claims. I do not agree, however, with the majority’s conclusion in Part II that, in an action for malicious prosecution under § 1983, an overturned conviction does not presumptively establish probable cause.
The majority holds that such a rule contravenes the policies underlying the Civil Rights Act. I maintain, to the contrary, that the Restatement of Torts/Common Law rule should apply. Under this rule, unless a conviction is contrary to established law or has been obtained by fraud, perjury or other corrupt means, such a conviction, even if it is ultimately overturned, has still presumptively established probable cause to pursue the original prosecution. I believe that the majority’s exception for actions under § 1983 should not be extended beyond the already recognized exceptions. Indeed, with the availability of these Restatement/Common Law exceptions, the purpose of § 1983 is not defeated.
As the majority states, in order to prevail on a claim of malicio.us prosecution under § 1983, a plaintiff must establish, among other things, the absence of probable cause for the original proceeding brought against the plaintiff. Rose v. Bartle, 871 F.2d 331, 349 (3d Cir.1989) (citing Lee v. Mihalich, 847 F.2d 66, 69-70 (3d Cir.1988)). In reversing the district court, the majority concludes that the common law rule, establishing a presumption of probable cause from a conviction later reversed, should not apply to § 1983 actions.
The majority acknowledges that the case law reflects exceptions to the common law rule so that a conviction subsequently over *128 turned establishes only a rebuttable presumption of probable cause. See Lind v. Schmid, 67 N.J. 255, 337 A.2d 365 (1975). The common law rule is based on the concept that, if a fact finder determines guilt beyond a reasonable doubt, there must have been probable cause for doing so unless it is later determined that the conviction was fraudulently or corruptly obtained. Id.
The majority does not, however, adopt the Restatement/Common Law rebuttable presumption. Instead, they conclude that, when a malicious prosecution action is brought under § 1983, an overturned municipal court conviction does not presumptively establish probable cause. Majority at 8-9. Because I conclude that the purposes of § 1983 are not offended by application of a rebuttable presumption and because I find that the district court committed no legal error in applying the common law rule in its summary judgment determination, I respectfully dissent.
In this case, Montgomery’s municipal court conviction was overturned upon a trial de novo by the state superior court. After deeming radar gun evidence inadmissible, the superior court judge concluded that Montgomery could not be found guilty beyond a reasonable doubt. If, however, a failure to find guilt beyond a reasonable doubt could negate a finding of probable cause to initiate the proceeding, every successful appeal would prompt a claim of malicious prosecution.
In its analysis, the district court examined the effect of the overturned municipal conviction on the malicious prosecution claim. The court relied on the common law rule to conclude that if a magistrate’s determination of guilt.was reasonably reached (even if later overturned), the presumption of probable cause should not be disturbed unless rebutted with evidence that the conviction was obtained fraudulently. See, e.g., Lind at 370. The district court then found that the New Jersey magistrate had relied both on radar evidence and on Officer De Simone’s testimony of a visual estimate of a speeding violation and had reasonably concluded that there was probable cause to stop Montgomery and to find her guilty of speeding. Although the superior court ultimately deemed the radar evidence to be inadmissible because a proper foundation had not been laid, the district court reasoned, correctly I believe, that the inadmissibility of the radar evidence should have no effect on whether it was reasonable to prosecute Montgomery in the first place.
The District Court’s dismissal of the malicious prosecution claim hinged on Montgomery’s failure to establish such an absence of probable cause. I believe that the reversal of the municipal court conviction, based on insufficient evidence to prove guilt beyond a reasonable doubt, should not be sufficient to dislodge a finding of probable cause to initiate the proceeding. A reversal for insufficient evidence is not a finding that the conviction was brought about fraudulently or corruptly.
The majority concludes to the contrary that the rebuttable presumption should not apply here because we are dealing with a claim of malicious prosecution under § 1983. The majority reasons that, since the Civil Rights Act was created to interpose the federal courts between the misuse of state authority and individuals, we would violate the goals of the Civil Rights Act if we were to allow a reversed conviction to create a presumption of probable cause in a § 1983 malicious prosecution claim.
The Second Circuit has also adopted the common law exceptions in a § 1983 action for false arrest. In Cameron v. Fogarty, 806 F.2d 380, 388 (2d Cir.1986), that court held that the common law rule provides a sufficient balance between individual liberty interests and societal interest in law enforcement because the exclusionary rule sufficiently deters police from arresting without probable cause. The majority points out that this Court has questioned whether the rule in Cameron reflects the “proper accommodation” between individual and societal interests. Rose v. Bartle, 871 F.2d 331 (3d Cir.1989). Cameron and Rose, however, both involved claims for false arrest. I conclude that the difference between a false arrest claim, in which a person may have been illegally arrested even though guilty of the prosecuted offense, is very different from a malicious prosecution claim where the propriety of the prosecution itself depends *129 on it being initiated with probable cause. For this reason, I do not find that our concern in Rose carries over to the present situation.
The majority also quotes with approval from Justice Souter’s concurrence in Heck v. Humphrey where he called “untenable” the notion that a municipal conviction could “wipe out” a § 1983 claim. Heck v. Humphrey, 512 U.S. 477, 496, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). But, the common law rule does not wipe out a person’s § 1983 claim. To the contrary, it raises a rebuttable presumption of probable cause. This presumption may be rebutted with a showing that the conviction was brought about through fraud or coercion, precisely the type of conduct which § 1983 was created to guard against. Applying the common law rule of a rebuttable presumption of probable cause in the case before us does not interfere with the goals of the Civil Rights Act.
For the foregoing reasons, I respectfully dissent.